IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

MARCOS ANTONIO MEDEROS-JIMENEZ,
    Plaintiff,

vs.                                      Case No.: 3:15cv165/LAC/EMT

JORGE MIYAR, et al.,
    Defendants.
_____/

**REPORT AND RECOMMENDATION**

    This cause is before the court on Plaintiff's civil rights complaint filed pursuant to 28 U.S.C. § 1331 (doc. 1).  Plaintiff is proceeding in forma pauperis and has paid the initial partial filing fee.

    The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters.  *See* N. D. Fla. Loc. R. 72.2(C); *see also* 28 U.S.C. § 636(b)(1)(B)(C); and Fed. R. Civ. P. 72(b).  After careful consideration of all issues raised by Plaintiff, it is the opinion of the undersigned that Plaintiff's allegations fail to state a plausible claim for relief; therefore, this case should be dismissed.

I.    BACKGROUND

    Plaintiff is an inmate of the Santa Rosa County Jail (*see* doc. 1).  He names seven persons as Defendants, six of whom are special agents with the Federal Bureau of Investigation ("FBI"), and the other is an Assistant United States Attorney (*id.* at 1–3).[1]  Plaintiff alleges in August of 1991, the FBI negotiated with a representative of the Giovani Caicedo drug cartel, via a confidential informant ("C.I."), to transport 1,000 kilograms of cocaine from Columbia to South Florida (*id.* at 6).  He alleges the cocaine was smuggled into South Florida, but when the person who was hired to transport the cocaine by van "from point A to point B" was deported to Mexico, the C.I. asked Plaintiff to drive

---

[1] The page references used in this Report reflect the page numbers as enumerated in the court's electronic docketing system rather than those Plaintiff may have assigned.

the van (*id.* at 6–7, 9). Plaintiff alleges he agreed, and on November 26, 1991, the C.I. contacted him and advised him where to pick up the van (*id.* at 7). He alleges he picked up the van and was stopped by the local police and FBI agents (*id.*). Plaintiff alleges he was arrested, but released the next day, because the United States Attorney's Office declined to prosecute him (*id.*).

Plaintiff alleges he was again arrested on July 1, 1993 (doc. 1 at 8). He alleges he was prosecuted in federal court in Miami, Florida, Case No. 1:92-cr-757-CCA (*id.* at 8, 9). Plaintiff alleges he filed several motions seeking to obtain evidence from the prosecutor, but the prosecutor refused to provide it (*id.*). Plaintiff alleges ten months later, he pleaded guilty to the charge, because the prosecutor refused to turn over the requested evidence and the judge refused to grant Plaintiff's motions (*id.*). Plaintiff also alleges his counsel erroneously advised him that he would be sentenced to only 6 1/2 years in prison, but he was actually sentenced to 11 years in prison followed by 5 years of supervised release (*id.*). He alleges he "walked away" from a minimum security prison after serving only 4 years of his sentence, and he "has been free since" (*id.*). Plaintiff alleges he turned himself in to authorities after his children were grown "so as to clear his name" (*id.*). Plaintiff alleges he was entrapped by the C.I. and FBI agents and used as a "patsy" to enable them to justify their illegal drug trafficking venture and keep the cocaine and money (*id.*).

Plaintiff claims he was denied his rights to due process, a fair trial, and effective assistance of counsel in the criminal proceedings in Case No. 1:92-cr-757-CCA (doc. 1 at 9–10). As relief, he seeks to withdraw his guilty plea and proceed to trial or, alternatively, dismissal of the charge and release from prison (*id.* at 10).

The court takes judicial notice of information available on the database maintained by the United States District Court for the Southern District of Florida, viewed May 13, 2015, https://ecf.flsd.uscourts.gov, which reveals that a plea agreement was filed in Case No. 1:92-cr-757-CCA on May 10, 1994.[2] On July 18, 1994, Plaintiff was adjudicated guilty of possession with intent

---

[2] *See* Fed. R. Evid. 201; United States v. Berrojo, 628 F.3d 368, 369 (5th Cir. 1980) ("The doctrine of judicial notice permits a judge to consider a generally accepted or readily verified fact as proved without requiring evidence to establish it."); *see also* Mangiafico v. Blumenthal, 471 F.3d 391, 398 (2d Cir. 2006) (district court permissibly looked to docket sheets in ruling on motion to dismiss because "docket sheets are public records of which the court could take judicial notice"); In re Salem, 465 F.3d 767, 771 (7th Cir. 2006) (taking judicial notice of state court

to distribute cocaine and sentenced to 135 months of imprisonment followed by a 5-year term of supervised release. *See id.* Plaintiff did not appeal the judgment.

II. ANALYSIS

Because Plaintiff is a prisoner seeking redress from a governmental entity or officer or employee of a governmental entity, the court may dismiss the complaint if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b)(1). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). Mitchell v. Farcass, 112 F.3d 1483, 1485 (11th Cir. 1997). The allegations of the complaint are taken as true and are construed in the light most favorable to Plaintiff. Davis v. Monroe Cnty. Bd. Of Educ., 120 F.3d 1390, 1393 (11th Cir. 1997). To survive dismissal under § 1915(e)(2)(B)(ii) or § 1915A(b)(1), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (quotation marks omitted).

Here, Plaintiff's claims fail because they are in the nature of habeas corpus and consequently run headlong into the holding in Heck v. Humphrey, 512 U.S. 477, 481, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994), under which dismissal is warranted. The Supreme Court in Heck stated that a civil rights action that by its nature challenges the lawfulness of a conviction or sentence is not cognizable unless and until the sentence or conviction is "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Id.*, 512 U.S. at 498; *see also* Preiser v. Rodriguez, 411 U.S. 475, 500, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973) (when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus). Absent such an invalidation, the civil rights suit must be dismissed. Heck, 512 U.S. at 498. Although Heck and Preiser involved

---

dockets and opinions); Dawson v. Mahoney, 451 F.3d 550, 551 (9th Cir. 2006) (taking judicial notice of state court orders and proceedings); United States v. Mercado, 412 F.3d 243, 247–48 (1st Cir. 2005) (taking judicial notice of state court docket entries).

collateral attacks on state court convictions, the Eleventh Circuit has held that "collateral attacks on federal criminal convictions pose the same threat to the finality of federal criminal trials and have the same potential for creating inconsistent results as collateral attacks on state court proceedings"; thus, the Heck rule applies to federal civil rights claims as well. Abella v. Rubino, 63 F.3d 1063, 1065 (11th Cir. 1995); *see also* Stephenson v. Reno, 28 F.3d 26, 27 (5th Cir. 1994) (finding that where a civil rights action implicates the validity of a conviction, there should be no distinction between state and federal prisoners; therefore, the analysis of a federal prisoner's Bivens-type action implicating a conviction "should parallel the analysis used to evaluate state prisoners' § 1983 claims") (internal quotation marks and citation omitted).

III. CONCLUSION

Plaintiff's claims in the instant civil rights action challenge the lawfulness of his conviction in United States v. Mederos-Jimenez, Case No. 1:92-cr-757-CCA (S.D. Fla. July 18, 1994). Pursuant to Heck, his claims are not cognizable unless and until the conviction in that case is invalidated by a federal court on collateral review or executive pardon. No additional facts or legal theories could cure this deficiency; therefore, amendment of the complaint would be futile, and dismissal is warranted.

Accordingly, it is respectfully **RECOMMENDED**:

1. That Plaintiff's complaint be **DISMISSED without prejudice**, pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

2. That the clerk be directed to enter judgment accordingly and close the file.

At Pensacola, Florida this 14th day of May 2015.

*/s/ Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>.  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**

Case No.:  3:15cv165/LAC/EMT